# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TRACY TRENDLE, individually and on behalf of all others similarly situated, | Case No. 08 C 2418 |
| Plaintiff, | Judge Kocoras |
| v. | Magistrate Judge Nolan |
| SEALE 76, INC. d/b/a Jimano's Pizzeria Outlet 6, | CLASS ACTION |
| Defendant. | JURY DEMANDED |

## **FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Tracy Trendle ("Plaintiff"), by her attorneys, The Consumer Advocacy Center, P.C. and Markoff Law Firm, LLC, states as follows for her First Amended Class Action Complaint against Seale 76, Inc. d/b/a Jimano's Pizzeria Outlet 6 ("Defendant").

1.  This is a consumer class action based upon Defendant's violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq., as amended* (the "FCRA"). Specifically, this action is based on Section 1681c(g) of the FCRA. This section of the FCRA, like many others, was designed to combat the rampant increase of identity theft throughout the nation in recent years. Under the FCRA, companies that accept credit and debit cards are required to restrict the information they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendant has simply chosen to ignore compliance with the FCRA. As such, consumers who purchase goods and services from Defendant receive none of the benefits that Section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

### *Jurisdiction and Venue*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681, 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### *Parties*

4. Plaintiff is an individual who resides in this district.

5. Defendant is an Illinois corporation with its principal place of business in this district.

6. Defendant is a "person who accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

### *Statutory Framework*

7. In 2003, FACTA was enacted to bolster protections for consumers from identity theft.

8. FACTA, 15 U.S.C. § 1681c(g) provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

9. FACTA gave merchants who accept credit or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

### *Defendant's Practices*

10. As of December 4, 2006, Defendant was aware of FACTA.

11. As of December 4, 2006, Defendant knew that FACTA required truncation of credit and/or debit card numbers and truncation of expiration dates from receipts.

12. Notwithstanding that it had over three years to comply, Defendant continued, after December 4, 2006, to issue receipts at the point of sale or transaction that contained consumers' <u>entire</u> credit and debit card numbers and the expiration date of such credit and debit card numbers.

13. Defendant deliberately, willfully, intentionally, recklessly and/or grossly negligently violated FACTA by issuing receipts that did not comply with the FCRA.

14. Defendant's practice not only violated the law, but it exacted harm by exposing consumers' sensitive account information and subjects each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

### C. *Facts Related to Plaintiff*

15. On or about March 5, 2008, Trendle made a purchase from Defendant's restaurant, located at 938 N. Green Bay Rd., Waukegan, Illinois 60085. To pay for the purchase, Trendle used her VISA card. Following the transaction, Trendle received a receipt from Defendant on which her entire VISA card number and expiration date for that card were printed.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants, and/or employees, were willful, reckless, and/or in grossly negligent disregard for federal law and the rights of Plaintiff.

### *Class Action Allegations*

18. Plaintiff brings this action individually and as a class action for Defendant's violation of Section 1681c(g) of the FCRA, pursuant to Rules 23(a) and (b) of the Federal Rules

of Civil Procedure, on behalf of the following Class: All persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displayed more than the last five digits of the person's credit or debit card number and/or expiration date.

19.   The Class is so numerous that joinder of all individual members in one action would be impracticable. On information and belief, there are more than 100 persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displayed more than the last five digits of the person's credit or debit card number and/or expiration date.

20.   Plaintiff's claims are typical of the claims of the Class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

21.   There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

    a.   Whether Defendant had a practice of providing customers with a sales or transaction receipt on which Defendant printed more than the last five digits of the credit or debit card;

    b.   Whether Defendant had a practice of providing customers with a sales or transaction receipt on which Defendant printed the expiration date of the credit or debit card; and

    c.   Whether Defendant thereby violated FACTA.

22.   Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of the Class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel has any interests that might cause them not to pursue this claim vigorously.

23.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

24.    Whether Defendant failed to comply with 15 U.S.C. § 1681c(g) can be easily determined by a review of Defendant's policies and a ministerial inspection of its business records.

25.    A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. Moreover, the identities of the Class members may be obtained from Defendant's records, rendering identification of the class something capable of ministerial review.

## *Count I*
### *Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g)*

26.    Plaintiff incorporate paragraphs 1 through 25 as though fully stated herein.

27.    Title 15 U.S.C. § 1681c(g)(1) states:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

This section applies to any "device that electronically prints receipts" (hereinafter "Devices") for point of sale transactions.

28.    With respect to devices that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

29.     With respect to devices that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 4, 2006.

30.     Defendant accepts credit and/or debit cards in the course of transacting business with persons such as Plaintiff and the Class members. In the course of such business, Defendant employs the use of said devices for point of sale transactions.

31.     On or after December 4, 2006, Defendant provided Plaintiff and the members of the Class receipt(s) that failed to comply with 15 U.S.C. § 1681c(g).

32.     FACTA was enacted in 2003 and gave merchants who accept credit and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

33.     Defendant was aware, on or before December 4, 2006, of 15 U.S.C. § 1681c(g) and the need to comply with said provision on or before December 4, 2006.

34.     Prior to December 4, 2006, VISA, MasterCard and the PCI Security Standards Council advised companies of the existence of FACTA and the need for compliance with FACTA.

35.     Prior to December 4, 2006, VISA and MasterCard contractually required compliance with FACTA well in advance of the December 4, 2006 compliance deadline.

36.     Also in anticipation of the December 4, 2006 deadline and the requirements of 15 U.S.C. § 1681c(g), the majority of Defendant's peers and competitors took the necessary steps to bring their business practices into compliance with FACTA.

37.     As of January 1, 2005, the Illinois Consumer Fraud and Deceptive Business Practices Act provided that

6

…no provider may print or otherwise produce or reproduce or permit the printing or other production or reproduction of the following: (i) any part of the credit card or debit card account number, other than the last 4 digits or other characters, (ii) the credit card or debit card expiration date on any receipt provided or made available to the cardholder.

38. Notwithstanding the: (1) three-year cushion to prepare for FACTA and its accompanying provisions; (2) knowledge of 15 U.S.C. § 1681c(g) and FACTA as a whole; (3) the repeated reminders of FACTA and its accompanying provisions; (4) the actions of Defendant's peers and competitors; and (5) Illinois' more than three year old ban on printing more than the last 4 digits of card numbers, Defendant knowingly, willfully, recklessly, and/or grossly negligently violated and continues to violate the FCRA, 15 U.S.C. § 1681c(g). In turn, Plaintiff and the members of the Class continue to be exposed to an elevated risk of identity theft.

39. As a result of Defendant's willful violations of the FCRA, Defendant is liable to Plaintiff and the members of the Class pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, request that this Court enter judgment in her favor and against Seale 76, Inc. d/b/a Jimano's Pizzeria Outlet 6 and award the following:

    a. Statutory damages pursuant to 15 U.S.C. § 1681n;

    b. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1681n; and

    c. Such further relief as this Court deems just and proper.

**Plaintiff Demand a Trial By Jury**

TRACY TRENDLE, Plaintiff,

By:   /s/ Lance A. Raphael_____
        One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602-2318
312.782.5808

Paul F. Markoff
Markoff Law Firm, LLC
180 West Washington, Suite 700
Chicago, IL 60602-2318
312.726.4162