UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tracy Trendel, individually and on behalf<br>Of all others similarly situated, | )<br>)<br>) | |
| Plaintiff, | )<br>) | NO. 08 cv 2418<br>Judge Kocoras |
| v. | )<br>) | Magistrate Judge Nolan<br>Class Action |
| Jimano's Pizzeria | ) | JURY DEMAND |
| Defendant, | ) | |

### DEFENDANT JIMANO PIZZERIA'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant, Jimano's Pizzeria, by and through their attorney, Wysocki & Smith, answers the respectively numbered allegations of Plaintiff Tracy Trendel Class Action Complaint as follows:

1. Denied.

### Jurisdiction and Venue

2. Denied. There is insufficient evidence to prove that there has been a violation of federal law that would give rise to a claim of action in the District Court of Illinois.
3. Admitted.

### Parties

4. Admitted.

5. Admitted.

6. Admitted.

### Statutory Framework

7. Admitted.

8. Admitted.

9. Admitted.

### Defendant's Practices

10. Without knowledge or information sufficient to form a belief; therefore denied.

11. Without knowledge or information sufficient to form a belief; therefore denied.

12. Without knowledge or information sufficient to form a belief; therefore denied.

13. Denied. Defendant has not deliberately, willfully, intentionally, recklessly, and/or grossly negligently violated FACTA.

14. Denied. Defendant has not deliberately, willfully, intentionally, recklessly, and/or negligently violated FACTA.

Facts Related to Plaintiff

15. Admitted that on or about March 5, 2008, Trendle made a purchase from Defendant. Otherwise, without knowledge or information sufficient to form a belief, therefore, denied.

16. Without knowledge or information sufficient to form a belief; therefore denied.

17. Denied. Defendant has not deliberately, willfully, intentionally, recklessly, and/or grossly negligently disregarded any federal law and the rights of Plaintiff.

Class Action Allegations

18. Admitted only that Plaintiff seeks to represent such classes, but denied that Plaintiff or any of the purported class members have any valid claims, and further denied that this action is appropriate for class action statuus under Fed. R. Civ. P. 23; otherwise denied.

19. Denied that this action is properly maintainable as a class action under Fed.R.Civ.P. 23

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Without knowledge or information sufficient to form a belief; therefore denied.

26. Denied.

Count I : Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 c (g)

27. Admitted as to Plaintiff's incorporation paragraph 1 through 26 as though fully stated herein.

28. Admitted as to Title 15 U.S.C. §1681 c (g) (1)

29. Admitted.

30. Admitted.

31. Admitted.

32. Without knowledge or information sufficient to form a belief; therefore denied.

33. Admitted.

34. Without knowledge or information sufficient to form a belief; therefore denied.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Denied.

## AFFIRMATIVE DEFENSES

In further defense of this matter, and without admitting that it has the burden of proving any of the following matters, JIMANO'S PIZZERIA asserts the following affirmative defenses.

1. Failure to State a claim.
Each and every claim in Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. No Damages
Plaintiff has not suffered any actionable "damages" much less the amount of damages necessary to assert a private right of action.

3. Conflicting Interest
Plaintiff has interests which conflict with those of the putative class.

4. No Standing to Assert Class Claims
Plaintiff lacks standing to assert some or all of his claims against Jimano's Pizzeria and to represent any putative class with regard to those claims.

5. Lack of Numerosity
Class certification is inappropriate in this action because the alleged class members are not so numerous that separate joinder or each member is impracticable.

6. Lack of Commonality

Class certification is inappropriate because the claims of or defense to each claim of Plaintiff do not raise questions of law or fact which are common to the claims of or defenses to the claims of each member of the putative class.

7. Lack of Typicality

Class certification is inappropriate because the claims of or defenses to each claim of Plaintiff are not typical of the claims of or defenses to the claims of each member of the putative class.

8. Lack of Adequacy

Plaintiff cannot maintain this action as a class action because Plaintiff cannot fairly and adequately protect and represent the interests of each member of the class.

9. Lack of Superiority

Class certification is inappropriate because Plaintiff cannot demonstrate that class litigation is superior to other available means for adjudication of the claims raised in this case.

10. Failure to Mitigate

Plaintiff has failed to mitigate her damages, if any.

11. Additional Defenses

Jimano's Pizzeria reserves the right to raise additional defenses which may become known during further discovery and investigation in this case.

WHEREFORE, Defendant JIMANO'S PIZZERIA prays that:

1. This matter be dismissed with prejudice in favor of Jimano's Pizzeria;
2. That Plaintiff's request for statutory damages, injunction, and attorney fees be denied;
3. That Jimano's Pizzeria be awarded its costs, including reasonable attorney fees; and
4. For such other and further relief as the Court Deems just and proper.

By: /s/ Ennedy D. Rivera
Attorney for Defendant

Wysocki & Smith
Ennedy D. Rivera
403 Grand Avenue
Waukegan IL. 60085
Phone (847) 623-2200
Fax (847) 623-9242
ARDC: 6285117